ANNA ECKLUND v. CITY OF ST. PAUL.[1]

February 15, 1907.

Nos. 15,035—(167).

Action in the district court for Ramsey county to recover $5,222 for personal injuries resulting from an alleged defective sidewalk. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of the plaintiff for $3,305.25. From an order denying a motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*J. C. Michael, L. R. Frankel*, and *C. E. Collett*, for appellant.
*J. W. Pinch* and *R. A. Walsh*, for respondent.

[1]Reported in 110 N. W. 1133.

PER CURIAM.

The complaint states that December 10, 1905, at about 5.15 p. m., respondent caught her foot upon an irregular ridge or hummock of ice, about four or five inches high, upon the sidewalk on the west side of Raymond avenue, in the city of St. Paul, and fell and broke her arm. A verdict was returned in her favor for $3,305.25. Appellant moved for judgment notwithstanding the verdict, and, if the order be denied, for a new trial, upon the ground that the verdict was not justified by the evidence, was excessive, given under the influence of passion and prejudice, and contrary to law. The trial court denied the motion for judgment notwithstanding, but granted a new trial upon the ground that the evidence was insufficient to sustain the verdict with reference to the place where the accident occurred, the condition of the walk, the sufficiency of the notice to the city, and that the verdict was excessive.

Appeal was taken from the part of the order denying the motion for judgment notwithstanding. The record presents the single question whether the evidence conclusively shows that there is no liability on the part of the city. The evidence is quite indefinite as to the exact place where the accident happened, the actual condition of the ice at that point, and the length of time it had remained so. The evidence is also not clear as to the length of time the walk was in an unsafe condition, and whether under the circumstances the city had constructive knowledge thereof. But the evidence is not so clear and conclusive as to call for judgment notwithstanding the verdict.

The views of the trial court must govern, and the order granting a new trial is accordingly affirmed.